IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT A. EDWARDS,                    :        Civil Action
                                      :
              v.                      :        No. 09-CV-1070
                                      :
COMMONWEALTH OF                       :
PENNSYLVANIA, et al.,                 :

**<u>MEMORANDUM</u>**

Ludwig, J.                                                    March 15, 2013

Petitioner's notice of March 7, 2013 ("Petitioner's Notice to File Habeas Corpus") asserts that he is entitled to *habeas corpus* relief under the recent ruling in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Previously, petitioner had filed several petitions for *habeas corpus* relief under 28 U.S.C. § 2254. (98-CV-1022, 04-CV-5304, 05-CV-6307, 05-CV-6687, and 09-CV-1070). However, under the Antiterrorism and Effective Death Penalty Act, a petitioner may not file a second or successive petition for *habeas corpus* relief without first receiving approval from the Court of Appeals. *See Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005). Absent such authorization, a district court is not permitted to consider the merits of any subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Petitioner has not obtained an order from the Court of Appeals for the Third Circuit allowing this court to consider the merits of a successive petition.

Accordingly, this court does not have subject matter jurisdiction over the proposed petition.[1] *Robinson*, 313 F.3d at 140.

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[1]To the extent that petitioner is attempting to challenge the court's earlier denial of his claims as procedurally defaulted in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), a motion pursuant to Federal Rule of Civil Procedure 60(b) is the appropriate vehicle for such a challenge. *See Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012).